IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY LEE CRAIG, #76582                                                                   PLAINTIFF

v.                                                          CAUSE NO. 1:16-cv-407-LG-RHW

MICHAEL TAYLOR,
ANTHONY LAWRENCE, III,
ANGEL MEYERS, BOBBY KNOCHEL,
and KATHY KING JACKSON                                                              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT</u>

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Henry Lee Craig, an inmate of the Mississippi Department of Corrections, brings this pro se Complaint seeking monetary damages and injunctive relief. Craig is proceeding *in forma pauperis*. *See* Order [5].

The named Defendants are: Michael Taylor, a witness during Craig's criminal proceedings; Anthony Lawrence, III, District Attorney for Jackson County Mississippi; Angel Meyers, Assistant District Attorney for Jackson County; Bobby Knochel, Assistant District Attorney for Jackson County; and Kathy King Jackson, Circuit Court Judge for Jackson County. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

I. <u>BACKGROUND</u>

In 2011, Craig was convicted of murder in the Jackson County Circuit Court and sentenced to life imprisonment. *Craig v. State*, 110 So. 3d 807, 808 (Miss. Ct.

App. 2012). Michael Taylor testified on behalf of the prosecution at Craig's criminal trial. Attorneys Lawrence, Meyers, and Knochel prosecuted the case against Craig and Judge King presided over Craig's trial. Clerk's Docket at 1, *Craig v. State*, No. 2011-KA-01283 (Miss. Ct. App. 2012).

Craig now complains that, in doing so, Defendants violated his constitutional and civil rights.[1] Specifically, Craig claims that Taylor was incompetent to testify and the prosecutors conspired to "conceal this ambush witness competency status from the trial court." Mot. [14] at 6 (CM/ECF pagination).

Craig brings this Complaint on forms available for prisoners suing under 42 U.S.C. § 1983 and also cites § 1986. Compl. [1] at 10 (CM/ECF pagination). Craig seeks "compensatory relief, punitive relief, [and] injunctive relief." *Id.* at 9 (CM/ECF pagination).

## II. DISCUSSION

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

[1]In addition to this case, Craig has filed eight other complaints in this Court against various individuals involved in his criminal case, from witnesses and jurors to law enforcement officers, attorneys, and judges. *See Craig v. Ishee*, cause no. 3:16-cv-804; *Craig v. Gore*, cause no. 3:16-cv-805; *Craig v. Holmes*, cause no. 3:16-cv-806; *Craig v. Fountain*, cause no. 1:16-cv-372; *Craig v. Lorraine*, cause no. 1:16-cv-373; *Craig v. Lawrence*, cause no. 1:16-cv-375; *Craig v. Taylor*, cause no. 1:16-cv-377; and *Craig v. King*, cause no. 1:16-cv-421.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Craig is proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2). Having completed that screening, it is apparent that Craig's claims are barred by absolute immunity, by the applicable statute of limitations, and by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A.  <u>Defendants are entitled to absolute immunity.</u>

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Witnesses in grand jury proceedings and criminal trials are entitled to absolute immunity against § 1983 suits. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012). Insofar as Craig claims his rights were violated by Taylor's testimony during his criminal proceedings, Craig's claims are barred by absolute immunity. *Id.* at 1506-07; *see also Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277-78 (5th Cir. 2001) (finding absolute witness immunity bars § 1983 suits for conspiracy to commit perjury).

Judge Jackson, as Circuit Court Judge for Jackson County, enjoys absolute immunity from damages when performing acts within her judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Claims of bad faith, malice, and corruption do not overcome absolute judicial immunity. *See Mireles v. Waco*, 502

3

U.S. 9, 11 (1991)(citations omitted).  Nor will a judge be deprived of immunity because the action she took was in error or in excess of her authority.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the "clear absence of all jurisdiction." *Mireles*, 502 U.S. at 11; *Stump*, 435 U.S. at 356-57.  In determining whether a judge acted within the scope of her judicial capacity, the court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Applying the four *Ballard* factors to Craig's allegations, it is clear that the actions of Judge Jackson were "judicial in nature." *Id.* at 517.  Likewise, there are no claims that Judge Jackson lacked jurisdiction to preside over criminal proceedings in the Circuit Court for Jackson County.  *See* Miss. Code Ann. § 9-7-81 (circuit court has original jurisdiction over state felony prosecutions).  Therefore, Judge Jackson is entitled to absolute immunity from the claims asserted in this case.

Likewise, criminal prosecutors "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd*, 31 F.3d at 285. This immunity extends to "all actions which occur in the course of the prosecutor's role as an advocate for the State." *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (internal quotation marks and punctuation omitted). "This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony." *Boyd*, 31 F.3d at 285. The alleged actions taken by Lawrence, Meyers, and Knochel as advocates for the State of Mississippi in Craig's criminal case were "intimately associated with the judicial phase of the criminal process," and therefore these Defendants are also entitled to absolute immunity from the claims asserted in this case. *See Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011).

B.  Plaintiff's claims are barred by the statute of limitations.

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 240 (1989); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367,

367 n.3 (5th Cir. 2008) (citations omitted) (holding state's personal injury limitation period applies to claims under §1983, but noting that § 1986 specifically includes a one-year statute of limitations).  The applicable Mississippi statute of limitations period is three years.  *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  As such, an action accrues when a plaintiff has "a complete and present cause of action."  *Id*.  As noted by the Fifth Circuit:

> Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski*).

Craig filed this lawsuit in October 2016.  His claims are premised on the asserted inadequacies of his criminal conviction.  Craig maintains that Defendant

Taylor's purported conduct causing his injury occurred on May 11, 2011.[2] It is clear that as of May 11, 2011, Craig was aware of his injury and the connection between the injury and the Defendants' purported conduct. *See Piotrowski*, 237 F.3d at 576. As such, Craig's claims accrued more than three years prior to Craig filing the present action in October 2016, and are therefore time-barred.

C.  *Heck v. Humphrey* also supports dismissal of the Complaint.

Craig's claims regarding the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey*. 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id*. at 487.

If the Court were to find in Craig's favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his conviction and current term of imprisonment. Craig fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.[3] Therefore, Craig's claims that necessarily imply the invalidity of his imprisonment are barred. *Id.; see also Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding

---

[2]The Court notes that in his Complaint Craig cites May 11, 2009, as the date of Taylor's testimony, however, in his Motion [14] for discovery, Craig cites May 11, 2011, as the date of Taylor's trial testimony. In addition, Craig's murder conviction is a result of a shooting that occurred in May of 2009. *See Craig v. State*, 110 So. 3d 807, 808 (Miss. Ct. App. 2012). With this in mind and applying a liberal construction to Craig's pleadings, the Court is using the 2011 date for limitations purposes.

[3]Craig is currently litigating a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Craig v. MDOC*, cause no. 1:16-cv-371-LG-FKB (S.D. Miss.).

*Heck* also applies to claims under §1986); *Dolney v. Lahammer*, 70 F. Supp. 2d 1038, 1043 (D.S.D. 1999) (same) (collecting cases).

D.   <u>Plaintiff's Habeas Corpus claims will be dismissed without prejudice.</u>

To the extent Craig seeks injunctive relief invalidating his conviction and releasing him from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As footnoted above, Craig is currently litigating a habeas corpus case in this Court. Any habeas claims Craig may be asserting in this civil action will be dismissed without prejudice to Craig's pursuit of these claims in his pending habeas corpus case.

### III.  <u>CONCLUSION</u>

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action will be dismissed as frivolous and as seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010) (finding prisoner case barred by statute of limitations and dismissed as frivolous counts as a "strike" under § 1915(g)); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous); *Boyd*, 31 F.3d at 285 (affirming frivolous dismissal of § 1983 claim based on absolute immunity).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and as seeking monetary relief against defendants who are immune from such relief pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), (iii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of these claims in his pending habeas corpus case, *Craig v. MDOC*, no. 1:16-cv-371-LG-FKB (S.D. Miss.).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED** this the 4th day of April, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE